```
 1                    UNITED STATES OF AMERICA
                   EASTERN DISTRICT OF MISSOURI
 2                       EASTERN DIVISION

 3   UNITED STATES OF AMERICA,     )
                                   )
 4          Plaintiff,             )
                                   )
 5      vs.                        )  No. 4:14-CR-88 RWS
                                   )
 6   DIONNE LAMONT GATLING,        )
                                   )
 7          Defendant.             )

 8
                   TRANSCRIPT OF SENTENCING HEARING
 9
             BEFORE THE HONORABLE RODNEY W. SIPPEL
10                UNITED STATES DISTRICT JUDGE

11                       May 24, 2019

12
     APPEARANCES:
13
     For Plaintiff:       Mr. Michael A. Reilly
14                        Ms. Tiffany Becker
                          Mr. Dean R. Hoag
15                        OFFICE OF U.S. ATTORNEY
                          111 S. 10th Street
16                        20th Floor
                          St. Louis, MO  63102
17
     For Defendant:       Ms. JoAnn Trog
18                        MENEES AND WHITNEY
                          121 West Adams
19                        Kirkwood, MO  63122

20

21   REPORTED BY:         SUSAN R. MORAN, RMR, FCRR
                          Official Court Reporter
22                        111 South 10th Street
                          St. Louis, MO  63102
23                        (314) 244-7983

24
     Proceedings recorded by mechanical stenography, produced by
25   computer-aided transcription.
```

```
 1            (The following proceedings were held in open court
 2   on May 24, 2019 at 11:07 a.m.:)
 3            THE COURT:  Good morning.
 4            MR. HOAG:  Good morning.
 5            MR. REILLY:  Good morning.
 6            THE COURT:  We're here this morning in the case
 7   styled United States of America against Dionne Lamont
 8   Gatling, Cause No. 4:14-CR-88.  Would counsel make their
 9   appearance, please.
10            MR. REILLY:  Judge, it's Mike Reilly and Tiffany
11   Becker for the United States.  I'd note Mr. Hoag is also in
12   the courtroom this morning.
13            THE COURT:  My privilege.  Good morning.
14            MR. HOAG:  Good morning, Your Honor.
15            THE COURT:  On behalf of Mr. Gatling -- oh, I'm
16   sorry, I didn't mean to interrupt.  Go ahead.
17            MS. TROG:  JoAnn Trog for Mr. Gatling, who is
18   present and to my right, Your Honor.
19            THE COURT:  Counsel, have you and Mr. Gatling had
20   the opportunity to read, review, and discuss the presentence
21   report in this matter?
22            MS. TROG:  We have, Your Honor.  And we have not
23   filed any formal objections.  There is a little bit --
24            THE COURT:  There was a "but" after that sentence,
25   but comma.
```

1        MS. TROG:  There is a little bit -- our only issue,
2   which I've spoken to Ms. Dixon and also to Mr. Reilly.  And
3   it's reference to page 20, paragraph 78 which talks about
4   pending charges.
5        THE COURT:  Okay.
6        MS. TROG:  And the date of arrest is not 5/27/2014,
7   which Ms. Dixon will agree.  We believe that that was the
8   date the warrant was issued.  I cannot find anything at all
9   with regards to when these charges were actually filed by St.
10  Louis County.  What I was able to ascertain was the UTT
11  numbers that are reflected on the REJIS, but I'm going to
12  have to do some additional homework.  But I just wanted the
13  Court to know that we do not -- we're questioning this
14  pending charge or these pending charges, Your Honor.
15       But they in no way impact the Guidelines, and it was
16  just I want when Mr. Gatling arrives at his destination that
17  we can have this to be reflected.  And my goal will be to
18  take care of these charges, sir.
19       THE COURT:  Well, so that paragraph ends with the
20  sentence, "The circumstances for this case are not
21  available."  Do you want to add some language there, the
22  defendant does not agree --
23       MS. TROG:  Yes, sir, if we could put --
24       THE COURT:  -- that these charges are pending?
25  Mr. Reilly, what do you think about that?

1          MR. REILLY:  I have no objection, Judge, to
2  Ms. Trog -- I'm sorry.  Ms. Trog notified me of that earlier.
3  I have no objection to adding that language.
4          THE COURT:  So I will add, "Defendant Gatling denies
5  these -- does not agree these charges are pending."  And then
6  that can be determined at a time that's appropriate.
7          Any other objections to the factual statements in
8  the presentence report on behalf of Mr. Gatling?
9          MS. TROG:  No, Your Honor.
10         THE COURT:  Any objections to the factual statements
11 in the presentence report on behalf of the United States
12 Attorney?
13         MR. REILLY:  No, Judge.
14         THE COURT:  The factual statements in the
15 presentence report as amended are adopted as the findings of
16 fact in this proceeding.
17         On behalf of Mr. Gatling are there any objections to
18 the probation officer's application of the Sentencing
19 Guidelines to those facts?
20         MS. TROG:  No, Your Honor.
21         THE COURT:  Any on behalf of the United States
22 Attorney?
23         MR. REILLY:  No, Your Honor.
24         THE COURT:  Counsel, would you approach.
25         (Pursuant to Rule 13.05, a bench conference was held

1  on the record and placed under seal; after which the
2  following proceedings continued in open court:)
3  　　　　　THE COURT:  And finally, sir, there is a statute
4  that lists a number of factors I'm required to consider
5  before I can determine the appropriate sentence in your case.
6  With that being said save for allocution and discussions of
7  those sentencing factors does either attorney know of any
8  reason why we should not proceed to the imposition of
9  sentence?
10 　　　　　MR. REILLY:  No, Judge.
11 　　　　　MS. TROG:  No, Your Honor.
12 　　　　　THE COURT:  Mr. Gatling, sir, before sentence is
13 imposed you have the opportunity to speak today.  You can
14 speak directly, you can ask your attorney to speak for you,
15 or you both may speak, however you see fit.  If there's
16 anything you'd like to say, now is the time.
17 　　　　　THE DEFENDANT:  No, sir.
18 　　　　　THE COURT:  Thank you, sir.  Counsel.
19 　　　　　MS. TROG:  If I may, Your Honor.  Your Honor, we had
20 previously filed a Sentencing Memorandum under seal and I'm
21 not going to repeat it verbatim, but I would just like to
22 bring out a couple facts in that, Your Honor.  The first is
23 that as was reflected in the Plea Agreement, the parties had
24 recommended that Mr. Gatling be sentenced to a term of
25 detention of 324 months.  And on behalf of Mr. Gatling we

1  would ask the Court to abide by that recommendation, fully
2  understanding that the sentencing is totally within your
3  purview, Your Honor.
4              This case has been going on since March of 2014.
5  Mr. Gatling has been detained since March 13th of 2014.  I
6  became involved in the case in July of 2015.  And during that
7  time Mr. Gatling and I have had a very good relationship,
8  Your Honor.  He has been courteous.  We may have disagreed
9  about some things, but we always had a good conversation.  He
10 was a very helpful client and I have nothing but respect for
11 Mr. Gatling in that regard.  I couldn't have asked for a
12 nicer, more respectful, courteous client.
13             Another item that I would wish to bring to the
14 Court's attention is his medical conditions which are set
15 forth not only in the presentence report but also in our
16 Sentencing Memorandum and will be reflected in my request
17 that this Court would recommend to the Bureau of Prisons that
18 he be assigned to the Federal Medical Facility there in
19 Springfield, Missouri.  We realize that the Court can only
20 recommend, but we would ask that the recommendation be made,
21 or any other facility as close as possible to his home here
22 in the area, Your Honor.
23             We would note that the presentence report states
24 that Mr. Gatling has a negative net worth.  And we certainly
25 concur with the presentence report where it states that he

```
 1    has no ability to pay any fine in this matter.  And,
 2    therefore, Your Honor, we would ask that the Court waive the
 3    assessment of any fine.
 4            We are cognizant, however, that he must pay the
 5    special assessment in this case, Your Honor.
 6            In further recommendations we would ask that he be
 7    allowed to participate in a mental health program or
 8    counseling or other treatment that he might be deemed
 9    eligible to participate in.
10            That he would be allowed to participate in a drug
11    treatment program if he's found eligible.
12            Lastly, that he would be allowed to participate in
13    vocational, occupational, and apprenticeship training as
14    found eligible by the Bureau of Prisons.
15            We believe, Your Honor, again, I would just
16    reiterate that we would ask this Court to strongly consider
17    the Plea Agreement recommendation of 324 months.  That is 27
18    years.  He's already been in custody for over five years.
19            Mr. Gatling throughout, Your Honor, has been
20    supported by his family who are -- many of whom are sitting
21    behind me.
22            This is a very, very lengthy sentence, Your Honor.
23    And we believe that it's the sentence that we would ask this
24    court to issue.  Again, Mr. Gatling respects the Court.  I
25    obviously respect the Court.  And we believe this would be a
```

1   just and full resolution of the matter, Your Honor.
2        THE COURT:  Mr. Gatling, do you agree with what your
3   attorney just said?
4        THE DEFENDANT:  Yes, ma'am -- yes, sir.
5        THE COURT:  Anything on behalf of the United States
6   Attorney?
7        MR. REILLY:  Judge, I know you're intimately
8   familiar with the facts of the case.  The only thing to just
9   make unequivocally clear on the record, the United States
10  also joins in that recommendation as set forth in the Plea
11  Agreement for a total aggregate sentence of 324 months with
12  ten years to be imposed on the controlled substance offenses,
13  ten years or 120 months, however you want to break that down,
14  and then a consecutive term of 17 years or 204 months for
15  Count 5, which is the 924(j), drug -- use of a firearm in
16  furtherance of a drug trafficking crime resulting in death.
17  So we unequivocally stand by the recommendation that Ms. Trog
18  has just stated to the Court and as set forth in our Plea
19  Agreement.  We believe that's an appropriate resolution to
20  the case under all the circumstances.
21       THE COURT:  Under the totality of the circumstances
22  I will give effect to the Plea Agreement negotiated by the
23  parties and find that that sentence satisfies the statutory
24  purposes of sentencing.  And sentence will be imposed as
25  follows:

1          Pursuant to the Sentencing Reform Act of 1984 and
2     the provisions of 18, United States Code, 3553(a), Dionne
3     Lamont Gatling is hereby committed to the custody of the
4     Bureau of Prisons to be imprisoned for a term of 324 months.
5     That term consists of a term of 120 months on each of Counts
6     1 through 4, those terms to run concurrently, and 204 months
7     on Count 5 to be served consecutively to Counts 1 through 4.
8          While in the custody of the Bureau of Prisons it is
9     recommended that you be evaluated for participation in a
10    mental health treatment program.  Also you would be screened
11    for participation in occupational, education program
12    specifically in real estate.  Of course these recommendations
13    are made only to the extent they are consistent with Bureau
14    of Prisons' policies.
15         Upon your release you're placed on supervised
16    release for five years.  That term consists of a term of five
17    years on each of Counts 1 through 5, those terms to run
18    concurrently.
19         Within 72 hours of your release you are to report in
20    person to the probation office in the district to which
21    you're released.
22         While on supervision you are to comply with the
23    standard and mandatory conditions adopted by this court and
24    with the following additional conditions:
25         You are to participate in a mental health treatment

|   |   |
|---|---|
| 1 | program and follow the rules and regulations of that program |
| 2 | until released. |
| 3 | You are to submit your person, property, house, |
| 4 | residence, vehicle, papers, computers as defined by this |
| 5 | statute, other electronic communications or data storage |
| 6 | devices or media or office to a search conducted by the |
| 7 | probation office at a reasonable time and in a reasonable |
| 8 | manner based upon reasonable suspicion of contraband or |
| 9 | evidence of a violation of a condition of your release.  You |
| 10 | are to warn anyone else who resides with you they are subject |
| 11 | to this search condition as well. |
| 12 | You're to submit to substance abuse testing to make |
| 13 | sure you're not using a prohibited substance.  I have |
| 14 | reviewed your financial condition and you don't have the |
| 15 | ability to pay a fine so no fine will be imposed. |
| 16 | It is further ordered you are to pay to the United |
| 17 | States a special assessment of $100 on each of Counts 1 |
| 18 | through 5 for a total of $500, which is due today. |
| 19 | Are there any objections to the Court's findings of |
| 20 | fact, conclusions of law, the manner in which the sentence |
| 21 | was pronounced, or the manner in which the hearing was |
| 22 | conducted? |
| 23 | MR. REILLY:  No, Your Honor. |
| 24 | MS. TROG:  No, Your Honor. |
| 25 | THE COURT:  Sentence will be imposed as stated.  If |

1    you want to appeal, you need to do so within 14 days.
2    Ms. Trog will file a notice for you if you ask her to do so.
3    If for some reason you can't get that done, you ask the
4    clerk, she'll file it.  If you cannot afford the filing fee
5    it is possible upon a proper motion the fee would be waived.
6             I will recommend that you be screened for placement
7    at FMC Springfield.  If you do not qualify for that
8    placement, that Bureau of Prisons consider a location as
9    close to St. Louis as possible.
10            Any other matters for the Court's consideration
11   today?
12            MR. REILLY:  If I may, Your Honor, I would just like
13   to make a brief record on the substantial benefits of this
14   Plea Agreement, the sentence imposed by the Court in view of
15   the history of the case and the previous charges if the Court
16   would indulge me.
17            THE COURT:  You may proceed.
18            MR. REILLY:  Thank you.  Just for the record, Judge,
19   I note that as originally charged, Mr. Gatling was facing ten
20   years to life for each of the drug trafficking charges.  And
21   there was a criminal Information previously filed which would
22   have resulted in a mandatory minimum of 15 years imprisonment
23   on all those charges.
24            And then there were -- originally the charge of
25   killing a witness or killing a person in retaliation for

1   cooperating, the result that was in relation to the murder of
2   Theodis Howard, and there was also the charge of killing
3   somebody to prevent communication with law enforcement in
4   relation to the murder of Terrance Morgan.  I note for the
5   record each of those was punishable by life.  "Life" meaning
6   life.
7         In addition to that there were 924(j) charges in
8   which the defendant was charged separately for using a
9   firearm to accomplish drug trafficking murders or the murders
10  and those crimes of violence.  That would have -- all these
11  offenses would have resulted in Mr. Gatling had he gone to
12  trial, I want to make it clear for the record, had he gone to
13  trial and been convicted of these charges we would have asked
14  the Court to impose a maximum possible sentence for the drug
15  trafficking charges, and we would have asked for consecutive
16  life terms for any and all murder charges.
17        I'd note that counsel has litigated this case
18  vigorously throughout the pretrial motion proceedings which
19  were aggressive and fully developed by all defense counsel in
20  this case including Ms. Trog who diligently represented
21  Mr. Gatling throughout numerous pretrial motion proceedings
22  that were quite lengthy.
23        In addition to that the strength of the evidence as
24  the case developed, this case developed very strong evidence
25  with evidence coming from undercover law enforcement

1  investigators, some of whom had direct contact with
2  Mr. Gatling, recordings, electronic recordings, Title III
3  recording, and then there was significant cooperating
4  evidence that would have come from cooperators.
5          So he was looking at substantially -- he was looking
6  at life sentences if he were convicted as charged at trial.
7  And counsel represented him diligently.  The evidence was
8  strong.  And overall I'd just say for the record that there
9  is benefits for this Plea Agreement for Mr. Gatling.
10          Thank you, Judge.
11          THE COURT:  Ms. Trog, anything further?
12          MS. TROG:  No, Your Honor.
13          THE COURT:  Very good.  This court is in recess.
14  Good luck to you, sir.
15          (Court in recess at 11:24 a.m.)

C E R T I F I C A T E

I, Susan R. Moran, Registered Merit Reporter, in and for the United States District Court for the Eastern District of Missouri, do hereby certify that I was present at and reported in machine shorthand the proceedings in the above-mentioned court; and that the foregoing transcript is a true, correct, and complete transcript of my stenographic notes.

I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys in this action, nor financially interested in the action.

I further certify that this transcript contains pages 1 – 14 and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

IN WITNESS WHEREOF, I have hereunto set my hand at St. Louis, Missouri, this 3rd day of July, 2019.

_____
/s/ Susan R. Moran
Registered Merit Reporter